FILED

2026 Apr-06  PM 12:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VICTORIA WINBORN,** | } | |
| **Plaintiff,** | } } } | |
| **v.** | } } } | **Case No.:  2:24-cv-01823-RDP** |
| **LEEDS, ALABAMA, CITY OF, et al.,** | } } | |
| **Defendants.** | } } | |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Renewed Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. # 39). Plaintiff has responded to the Motion. (Doc. # 40). For the reasons discussed below, the Motion is due to be granted.

## I.    Procedural History

Plaintiff filed her initial Complaint on December 31, 2024. (Doc. # 1). On February 18, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. # 10). Among the arguments Defendants made in support of dismissal was that the "[c]ourt lacks personal jurisdiction over Defendants because Plaintiff's process and service of process with regard to the individually named Defendants was improper." (*Id*. at 1). On March 7, 2025, Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. # 20). On March 10, 2025, the court denied that Motion because the proposed Amended Complaint remained an impermissible shotgun pleading. (Doc. # 22). The court ordered Plaintiff to file another amended complaint in compliance with the Federal Rules of Civil Procedure. (*Id*. at 3).

On April 7, 2025, Plaintiff filed another Amended Complaint. (Doc. # 24). Defendant again moved to dismiss the complaint. (Doc. # 26). On January 23, 2026, the court struck Plaintiff's Amended Complaint for multiple reasons including that: (1) certain claims were barred by the appliable statute of limitations; (2) Plaintiff failed to properly serve the individual defendants, (3)

the Amended Complaint was an impermissible shotgun pleading, and (4) the Amended Complaint

failed to state a claim because it was devoid of plausible factual allegations. (Doc. # 34).

The court's January 23, 2026 Order required Plaintiff to:

> replead in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's
> instructions about properly pleading a complaint. *See, e.g.*, [*Weiland v. Palm Beach
> Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-23 (11th Cir. 2015)]. In addition, Plaintiff
> **SHALL** either request and obtain a waiver of service pursuant to Federal Rule of
> Civil Procedure 4(d) or serve all Defendants individually in compliance with
> Federal Rule of Civil Procedure 4(e).3 The Summons shall include the full name of
> each Defendant and be directed to each individual Defendant's dwelling.

(*Id*. at 5). The order also warned that "failure to comply with this order **SHALL** result in dismissal

of this action for failure to state a claim and/or failure to prosecute." (*Id*. at 7).

Nothing in the record suggests that Plaintiff ever attempted to properly serve the individual

defendants at their home addresses. There is evidence that, on March 9, 2026, Plaintiff's counsel

emailed Defendants' counsel about where a request for waiver of service to the individual

defendants should be directed. (Doc. # 40-1). Defendants' counsel responded to Plaintiff's counsel

on March 16, 2026, that he was not authorized to accept the waiver of service. (Doc. # 40-1). This

email exchange took place on March 16, 2026. (Doc. # 40-1). Since that time, no evidence shows

that Plaintiff has requested summonses directed to the individual defendants at their home

addresses or directed requests for waiver of service of summons to the individual defendants.

## II.    Allegations of Plaintiff's Second Amended Complaint

Plaintiff makes the following allegations in her Second Amended Complaint:

Outside of the applicable statute of limitations, Defendants "falsely stopped, detained,

arrested and jailed plaintiff without probable cause" two times, on or about April 12, 2021, and in

December 2021. (Doc. # 37 at ¶¶ 12, 13).

Under a section titled "First Cause of Action," Plaintiff sets forth the alleged factual basis

for her lawsuit. (*Id*. at 3). The "First Cause of Action" asserts claims of:

2

FRAUDULENT INVESTIGATION AND UNLAWFUL SEIZURE BY ARREST, DETENTION, DEPRIVATION OF PROPERTY, WITHHOLDING AND/OR FAILURE TO DISCLOSE MATERIAL EXCULPATORY EVIDENCE BY DEFENDANTS AND MALICIOUS PROSECUTION BY DEFENDANTS IN VIOLATION OF THE PROCEDURAL AND SUBSTANTIVE RIGHTS GUARANTEED TO PLAINTIFF BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS COGNIZABLE UNDER 42 U.S.C. § 1983.

(*Id.*).

In December 2022 or January 2023, certain individual Defendants "falsely stopped, detained, arrested and jailed plaintiff without probable cause for Harassment, Criminal Trespass Dog at large and owning a vicious dog (when in fact plaintiff did not then own a dog)" and the "case was dismissed." (*Id.* ¶ 14).

"On or about January 2023, defendant, S.R.O. Eric Kavali falsely stopped, detained, arrested and jailed plaintiff without probable cause for a traffic infraction" and the "case was dismissed." (*Id.* ¶ 15).

"On or about February / March 2023, defendants [] Butterbrodt[,] Barnwell, and an officer unknown, falsely stopped, detained and arrested plaintiff without probable cause for Dog not on a leash" and the "case was dismissed." (*Id.* ¶ 16).

"On or about February / March 2023, defendants [Parsons and Barnwell] falsely stopped, detained and arrested plaintiff without probable cause for traffic tickets, no seat belts, and no drivers license" and the "case was dismissed." (*Id.* ¶ 17).

"On or about April 2023, defendants [Parsons and Barnwell] falsely stopped, detained, arrested and jailed plaintiff without probable cause for domestic violence" after Plaintiff's "ex-finance had taken plaintiff's children.[]" (*Id.* ¶ 18). While detained, "plaintiff was denied needed and requested medical treatment for high blood pressure." (*Id.* ¶ 19).

3

"On or about August 2023 School Resources Officer Eric Kavali wrongfully and intentionally failed to secure plaintiff's store and vehicle" "in clear violation of City of Leeds, Alabama policy concerning the securing of property of persons detained." (*Id*. ¶ 20).

Plaintiff notes that she seeks to sue the individual defendants "in both their individual and official capacities[.]" (*Id*. ¶ 21). "These actions or failures to act were a direct and proximate result of the City of Leeds, Alabama's failure to properly train its officers, specifically by and through its legislative process deciding, and thus creating a policy, not to fund the proper training of its police officers." (*Id*.).

Following the various alleged stops, "acting alone and together and in concert, with one another and with others, [Defendants] maliciously, and without reasonable grounds therefor, arrested Plaintiff, incarcerated her pre-trial for a period of time and initiated legal proceedings, maliciously prosecuting her in the Municipal Court of the City of Leeds, Al (in Jefferson County) which resulted in the failed prosecution of the Plaintiff." (*Id*. ¶ 22). Plaintiff characterizes these events as "fraudulent investigation and wrongful arrest, detention, prosecution[.]" (*Id*. ¶ 23). "As a direct and proximate result of Defendant's fraudulent investigation and wrongful arrest, detention, prosecution of Plaintiff as described above, Plaintiff has suffered damages[.]" (*Id*. ¶ 25).

Plaintiff's "Second Cause of Action" asserts a claim of "WITHHOLDING MEDICAL CARE WHILE DETAINED IN VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION, AS COGNIZABLE UNDER 42 U.S.C. § 1983." (*Id*. at 6). The "Second Cause of Action" incorporates "paragraphs 14-21" of the First Cause of Action. (*Id*.). As noted in those paragraphs, Defendants "refused to take plaintiff to the medical dispensary for an unreasonable period of time after her initial complaint of pain and request for medical care." (*Id*. ¶ 29).

Plaintiff's Second Cause of Action alleges conduct by Chief Irwin. (*Id.* ¶¶ 29-34). "Defendant Irwin, as Chief of Police is responsible for establishing and implementing policies, practices and procedures" but "adopted a policy, practice, procedure which defendant Irwin knew, or reasonably should have known would be ineffective in delivering adequate medical attention and treatment for serious needs." (*Id.* ¶¶ 30, 32). "Defendant Irwin was acting under color of state law" and "violated plaintiff's substantive right to due process under the Fourteenth Amendment to the United States Constitution." (*Id.* ¶¶ 33, 34).

## III.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires a plaintiff to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). In addition, "a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam) (citations and internal quotation marks omitted). This is "a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the court determines that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Id.* at 570.

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, the burden of establishing the validity of service of process is on the serving party—here, Plaintiff. *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (citing *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)); *see also Piccard v. Deedy*, 2021 WL 12130562, at *2 (N.D. Ga. Feb. 2, 2021) ("When a defendant challenges service of process, 'the serving party bears the burden of proving its validity or good cause for failure to effect timely service.'") (quoting *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

## IV.    Analysis

Defendants' Motion presents the following arguments in favor of dismissal: (1) Plaintiff's Second Amended Complaint contains allegations of events that occurred outside the statute of limitations and should be dismissed; (2) Plaintiff's Second Amended Complaint should be dismissed for improper process and improper service of process; (3) Plaintiff's Second Amended Complaint is due to be dismissed for failure to satisfy federal pleading standards; (4) Plaintiff's Second Amended Complaint constitutes an impermissible shotgun pleading; (5) Counts One and Two of Plaintiff's Second Amended Complaint fails to state a claim against defendants on which relief may be granted; and (5) Plaintiff's § 1983 claims fail to allege facts necessary to place liability on a municipality. (Doc. # 39-1).

In response, Plaintiff stipulates that all acts occurring before December 31, 2022 are time-barred and that her claims are not based on those allegations. (Doc. # 40 at 2). She also makes the following arguments: (1) the heightened pleading standard applies only to individuals, not

municipalities; and (2) the court should accept as true certain allegations against the City of Leeds. (Doc. # 40 at 2-4). Plaintiff has either not responded, or not meaningfully responded, to Defendant's improper process and improper service of process, shotgun pleading and failure to state-a-claim arguments. (*Id*.).

### A.      Improper Process and Improper Service Of Process

"When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *McDermott v. Tabb*, 32 So. 3d 1, 3 (Ala. 2009) (internal quotations and citation omitted). Federal Rule of Civil Procedure 4(d) provides that when requesting that a defendant waive service of a summons, the notice and request must "(A) be in writing and be addressed: (i) to the individual defendant." Fed. R. Civ. P. 4(d). The only request for waiver of service in the record is addressed not to the individual defendants, but is directed to counsel, who was not authorized to accept a waiver of service of summons. (Docs. # 38, # 40-1).

Federal Rule of Civil Procedure 4(e) requires personal service of a summons and complaint upon each individual defendant. Under Rule 4(e)(2) an individually named defendant may be served by: 1) delivering a copy of the summons and complaint to the individual personally; 2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or 3) by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e); *See also Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980).

Plaintiff's original Complaint was filed on December 31, 2024. (Doc. # 1). That Complaint named individual Defendants Irwin, Butterbrod, Barnwell, Parsons, Jackson, Angle, Hooks, Ballard, Kavli and McInnish. (*Id*.). Plaintiff was notified at least by February 2025 that the

individual defendants challenged whether Plaintiff had properly served them. (Doc. # 11). Plaintiff still has not done so.

Rule 4(m) of the Federal Rules of Civil Procedure requires the dismissal of a defendant if the plaintiff fails to serve the defendant with a copy of the summons and the complaint within 90 days after the complaint is filed and does not show good cause for disregarding this 90–day requirement. *See In re Cooper*, 971 F.2d 640, 641 (11th Cir. 1992); *see also Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) ("the complaint must be dismissed"); *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991) (dismissal without prejudice was mandated by Rule 4(m)). "To this effect, the federal rules and the Eleventh Circuit cases are unequivocal that an action must be dismissed unless 'good cause' is shown." *Cox v. Arizona League of Pro. Baseball Clubs, Inc.*, 151 F.R.D. 436, 437 (M.D. Fla. 1993). Because Plaintiff has failed to serve the individual Defendants with a copy of the summons and the complaint within 90 days after the complaint was filed, and has not shown good cause for disregarding this 90–day requirement, dismissal of Plaintiff's claims against the individual defendants is required.

**B.      Plaintiff's Second Amended Complaint Is An Impermissible Shotgun Pleading**

As this court explained, the Eleventh Circuit has repeatedly and forcefully condemned shotgun pleadings. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020). There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts"; 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The key question in determining whether a pleading is deemed "shotgun" is not whether a complaint fits into an identified category, but whether it includes enough information to allow a defendant and the court to "readily determine" if it states a plausible claim for relief. *See id.* at 1326.

Plaintiff's Second Amended Complaint fits all four shotgun pleading categories. The Second Cause of Action incorporates all of the allegations in the First Cause of Action. (Doc. # 37 at ¶ 29). Thus, "each count adopts the allegations of all preceding counts." *Weiland*; 792 F.3d at 1321-23. Virtually all of the paragraphs of Plaintiff's Second Amend Complaint are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See, e.g.*, Doc. # 37 at ¶ 24 ("The actions of Defendants, as noted above, in falsely and unreasonably arresting, detaining plaintiff were done knowingly without probable cause and violated Plaintiff's Fourth Amendment right to be free from unreasonable detention and imprisonment and/or her Fourteenth Amendment right to due process of law."). Each of the causes of action are not set forth in separate counts. The First Cause of Action appears to assert at least six causes of action: fraud, unlawful seizure, unlawful detention, deprivation of property, malicious prosecution and violations of due process. (*Id*. at 3). And her claims assert multiple claims (see previous sentence) against multiple defendants without specifying which applies to which. (*Id*. at 3-6); *Weiland*, 792 F.3d at 1321-23.

Accordingly, the entire Second Amended Complaint against all Defendants is due to be dismissed because it is an impermissible shotgun pleading.

C.    **Plaintiff's Second Amended Complaint Fails to State a Claim**

Plaintiff's response to Defendants' arguments (that Plaintiff's Second Amended Complaint fails to satisfy federal pleading standards and fails to state a claim against defendants) misses the mark. Plaintiff's arguments focus on heightened pleading standards and qualified immunity, issues not raised by Defendants' motion. Neither Rule 8 nor Plaintiff's particular claims require heightened pleading. What *is* required by Federal Rule of Civil Procedure 8 and Supreme Court precedent is that a plaintiff assert a claim that is plausible on its face, that is not conclusory or formulaic, and that contains enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

The vast majority of Plaintiff's allegations are conclusory and formulaic. And, pleading a municipal liability claim requires more. *Mandel v. Doe*, 888 F.2d 783, 791 (11th Cir. 1989) (Section 1983 does not operate to hold local governments liable "solely upon a respondeat superior theory."). A plaintiff may maintain a § 1983 claim against a municipality "only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that "under § 1983, local governments are responsible only for 'their *own* illegal acts' " (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986))) (emphasis in original). As a result, a municipality is only liable when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). Municipal liability arises only when the challenged actions "are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." *Pembaur*,

10

475 U.S. 480; *see also Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) ("The Supreme Court has placed strict limitations on municipal liability under § 1983.").

"[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his or her constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that policy or custom caused the constitutional violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton*, 489 U.S. at 388). A plaintiff can demonstrate official policy for purposes of establishing § 1983 liability by "showing a *government* policy of inadequate training or supervision." *See Mingo v. City of Mobile, Ala.*, 592 F. App'x 793, 799 (11th Cir. 2014) (citations omitted, emphasis added). To state a § 1983 claim for failure to train where there is no express oral or written policy of inadequate training or supervision, a municipality's failure to train its employees must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick*, 563 U.S. at 61 (quoting *City of Canton*, 489 U.S. at 388).

Regarding the City of Leeds, Plaintiff alleges:

[The individual Defendants'] actions or failures to act were a direct and proximate result of the City of Leeds, Alabama's failure to properly train its officers, specifically by and through its legislative process deciding, and thus creating a policy, not to fund the proper training of its police officers.

(Doc. # 37 at ¶ 21). That is, Plaintiff alleges that the City's "legislative process" did not properly fund the training of its officers. There is no allegation that the City had a policy not to train, or trained officers to violate citizens' constitutional rights.

Even the Second Cause of Action, which Plaintiff indicates is asserted against the City of Leeds, only alleges that actions taken by the Chief of Police caused certain unlawful actions. Plaintiff specifically does not allege that the City's policies or practices caused these actions. (*Id*. ¶¶ 29-34) ("Defendant Irwin, as Chief of Police is responsible," "defendant Irwin's policy, practice

and procedure," "Defendant Irwin adopted a policy," "Defendant Irwin was acting under color of state law," and "Defendant Irwin's conduct violated plaintiff's substantive right to due process[.]").

Plaintiff's conclusory allegation about the City, and allegations about its employees, do not plausibly plead that the City was deliberately indifferent to Plaintiff's constitutional rights by failing to train its employees. Therefore, Plaintiff's municipal liability claim is due to be dismissed.

### D.    Plaintiff Is Not Entitled to Replead

The Eleventh Circuit has held that "[i]n the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to *sua sponte* allow a litigant *one* chance to remedy such deficiencies." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (emphasis added). But, the Eleventh Circuit has also "held that a 'district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.'" *Vibe Micro*, 878 F.3d at 1295 (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). "After [] one [] opportunity to replead comes and goes, *Daewoo's* rule operates to allow the district court to dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend." (*Id.* (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006)).

Plaintiff, who is represented by counsel, has been allowed two opportunities to replead. (Docs. # 24, 37). In response to Defendants' latest motion to dismiss, neither she, nor her counsel, has asked for another opportunity. Therefore, Plaintiff's Second Amended Complaint is due to be dismissed with prejudice. *Daewoo*, 314 F.3d at 542.

## V.    Conclusion

Plaintiff's claims against the individual Defendants are due to be dismissed with prejudice for two reasons: (1) failure to serve under Rule 4, and (2) Plaintiff's Second Amended Complaint remains an impermissible shotgun pleading. Plaintiff's claims against the City are also due to be dismissed with prejudice for two reasons: (1) Plaintiff's Second Amended Complaint is an impermissible shotgun pleading, and (2) Plaintiff has failed to adequately and plausibly allege § 1983 municipal liability against the City.

A separate order will be entered.

**DONE** and **ORDERED** this April 6, 2026.

**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE

13